FILED

2013 JAN -2  AM 10: 16

CLERK U.S.
CENTRAL DIS.
LOS ANGELES

BY ___

1 Michael Louis Kelly - State Bar No. 82063
mlk@kirtlandpackard.com
2 Behram V. Parekh - State Bar No. 180361
bvp@kirtlandpackard.com
3 Heather M. Baker - State Bar No. 261303
hmb@kirtlandpackard.com
4 KIRTLAND & PACKARD LLP
2041 Rosecrans Avenue
5 Third Floor
El Segundo, California  90245
6 Telephone: (310) 536-1000
Facsimile: (310) 536-1001
7
*Counsel for Plaintiff and all*
8 *others similarly situated*

9

10                    **UNITED STATES DISTRICT COURT**

11                  **CENTRAL DISTRICT OF CALIFORNIA**

12 MORGAN KACZOR, on behalf of herself    Case No. 12-CV-04089-JAK (JCGx)
   and all others similarly situated,
13                                          **CLASS ACTION**
              Plaintiffs,                   **FIRST   AMENDED    COMPLAINT**
14                                          **FOR:**
        v.
15                                          **1.  VIOLATION  OF  THE  FALSE**
   HI-TECH PHARMACEUTICALS, INC.,          **ADVERTISING LAWS ("FAL"); Bus.**
16 a Georgia Corporation, and DOES 1-10,   **& Prof. Code §17500 et seq.;**
   inclusive,
17                                          **2.   VIOLATION OF CALIFORNIA'S**
              Defendants.                   **UNFAIR      COMPETITION     LAWS**
18                                          **("UCL"); Bus. & Prof. Code §17200 et**
                                            **seq.;**
19
                                            **3.  VIOLATION  OF  CALIFORNIA'S**
20                                          **CONSUMER    LEGAL    REMEDIES**
                                            **ACT ("CLRA"), Civil Code §1750 et**
21                                          **seq.**

22                                          **DEMAND FOR JURY TRIAL**

23          Plaintiff Morgan Kaczor, on behalf of herself and all others similarly situated,

24 alleges the following upon information and belief based upon investigation of counsel,

25 except to her own acts, which she alleges upon personal knowledge:

26

27 / / /

28 / / /

                                         - 1 -
                    **FIRST AMENDED CLASS ACTION COMPLAINT**

**PARTIES**

1.     Plaintiff Morgan Kaczor is a resident of Los Angeles County, California and purchased Fastin in Los Angeles County, California. Plaintiff relied on Defendant's representations regarding the safety, efficacy and legality of Fastin (hereafter referred to herein as "Product"), as detailed herein, and but for those representations, Plaintiff would not have purchased or paid as much for such Product. Plaintiff saw the Product and packaging on a few trips to CVS in early winter 2011. When she decided to purchase Fastin, it was not in stock in the store so she searched for it online. She saw statements online which matched what she remembered seeing on the packaging, and reassured her that she did in fact want to purchase Fastin. The statements included: 1) that Fastin was the world's most advanced weight loss aid; 2) that it was a rapid fat loss thermogenic intensifier that increases the metabolic rate and promotes thermogenesis; 3) increases the release of norepinephrine and dopamine for dramatic weight loss; and 4) promotes extreme energy and does not cause the jitters. She relied on these statements in making the choice to purchase the Product. None of the representations had any type of warning regarding the ingredients in the Product. The representations led Plaintiff to believe that taking the Product would be safe and good for her. The Product failed to give a warning about the dangerous ingredient it contained Dimethylamylamine, also known as DMAA, which is described in detail below. Plaintiff purchased Fastin online at CVS.com on May 3, 2012, and paid $29.99 plus tax and shipping charges. Had she known that the Product contained any ingredient, such as DMAA described below, that was potentially unsafe and harmful she would have not purchased the Product.

2.     Defendant Hi-Tech Pharmaceuticals, Inc. is a Georgia corporation with its principal place of business located in Norcross, Georgia. Hi-Tech Pharmaceuticals, Inc. develops and markets Fastin, and has sold such Product in California and across the United States of America.

**FIRST AMENDED CLASS ACTION COMPLAINT**

3.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

4.     At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.  Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Hi-Tech Pharmaceuticals, Inc. and DOE Defendants will hereafter collectively be referred to as "Defendant").

## JURISDICTION AND VENUE

5.     A Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which some members of the class are citizens of different states than the Defendant.  *See* 28 U.S.C. §1332(d)(2)(A).

6.     This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.

7.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

## FACTUAL ALLEGATIONS

8.     Defendant manufactures, markets, and sells Fastin.  Defendant claims "Extreme Weight Loss Guaranteed" and that Fastin "Increases the metabolic rate, promoting thermogenesis," that the Product "Promotes extreme entergy and does not

**CLASS ACTION COMPLAINT**

cause the "jitters".  The Product is also advertised as being the "World's most advanced weight loss aid ever developed."  What Defendant fails to mention is that its Product contains the dangerous ingredient, Dimethylamylamine, also known as DMAA.

9.     The form of DMAA Defendant uses in the Product is a synthetic form that is both illegal and dangerous.  Defendant's advertising statements, which fail to mention the risks associated with this ingredient, are both false and misleading to consumers.

10.     Defendant's DMAA is manufactured synthetically, and therefore unlawfully on the market as an ingredient in Defendant's Product which, because it includes Defendant's DMAA, is an "adulterated" dietary supplement pursuant to the Food, Drug, and Cosmetic Act.  Assuming, *arguendo*, Defendant's DMAA is not synthetically manufactured and it is instead naturally extracted from the geranium plant, Defendant's DMAA, by virtue of its inclusion in its Product, makes the Product an "adulterated" dietary supplement and unlawfully on the market pursuant to the Food, Drug, and Cosmetic Act.

11.     Before marketing a Product containing DMAA, manufacturers and distributors have a responsibility under the law to provide evidence of the safety of its Product. Defendant has failed to do that, which made Fastin adulterated.

12.     Supplement manufacturers or distributors who use certain dietary ingredients not marketed in a dietary supplement prior to October 15, 1994, including DMAA, are responsible for notifying the FDA of evidence to support their conclusion that their dietary supplements containing NDIs are safe. Manufacturers or distributors must submit notification at least 75 days before marketing its Product.

13.     DMAA is known to narrow the blood vessels and arteries, which can elevate blood pressure and may lead to cardiovascular events ranging from shortness of breath and tightening in the chest to heart attack.  The FDA has received 42 adverse event reports on products containing DMAA, some including complaints of cardiac disorders, nervous system disorders, psychiatric disorders, and death.

- 4 -

14.     The FDA has warned that synthetically-produced DMAA is not a "dietary ingredient" and, therefore, is not eligible to be used as an active ingredient in a dietary supplement. DSHEA defines a dietary ingredient as a vitamin, mineral, amino acid, herb or other botanical, a dietary substance for use by man to supplement the diet, or a concentrate, metabolite, constituent, extract, or combination of these substances.

15.     Concern about the safety and legality of DMAA has spread so wide that the United States military removed all products containing DMAA from its Army and Air Force Exchange Service and Navy Exchange stores around the world on December 3, 2011.  The U.S. military was prompted to remove all DMAA products from its shelves after two soldiers suffered heart attacks and died earlier in 2011 during physical training.  The deaths prompted the U.S. Army to launch an "ongoing safety review after recording a number of other serious health effects among known and potential users of products containing DMAA including kidney and liver failure, seizures, loss of consciousness, heat injury and muscle breakdown during exertion, and rapid heartbeat."

16.     Defendant's misrepresentations, and lack thereof, regarding the efficacy, safety and legality of the Product were designed to, and did, lead Plaintiff and others similarly situated (collectively the "Class") to believe that the Product was not only effective, but legal and safe as well.  Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for the Product but for Defendant's misrepresentations.

17.     As a result of Defendant's false advertising claims, Defendant has wrongfully taken millions of dollars from California and nationwide consumers.

18.     Plaintiff relied on Defendant's representations regarding the safety, efficacy and legality of Fastin as detailed herein, and but for those representations, Plaintiff would not have purchased or paid as much for such Product.  Plaintiff saw the Product and packaging on a few trips to CVS in early winter 2011.  When she decided to purchase Fastin, it was not in stock in the store so she searched for it online.  She saw statements online which matched what she remembered seeing on the packaging, and

1   reassured her that she did in fact want to purchase Fastin.  The statements included: 1)
2   that Fastin was the world's most advanced weight loss aid; 2) that it was a rapid fat loss
3   thermogenic intensifier that increases the metabolic rate and promotes thermogenesis;
4   3) increases the release of norepinephrine and dopamine for dramatic weight loss; and
5   4) promotes extreme energy and does not cause the jitters.  She relied on these
6   statements in making the choice to purchase the Product.  None of the representations
7   had any type of warning regarding the ingredients in the Product.  The representations
8   led Plaintiff to believe that taking the Product would be safe and good for her.  The
9   Product failed to give a warning about the dangerous ingredient it contained
10  Dimethylamylamine, also known as DMAA, as described herein. Plaintiff purchased
11  Fastin online at CVS.com on May 3, 2012, and paid $29.99 plus tax and shipping
12  charges.  Had she known that the Product contained any ingredient, such as DMAA,
13  that was potentially unsafe and harmful she would have not purchased the Product.

14      19.      Accordingly, Plaintiff brings this lawsuit to enjoin the ongoing deception
15  of thousands of consumers nationwide by Defendant, and to recover the funds taken by
16  this unlawful practice.

17              **CLASS DEFINITIONS AND CLASS ALLEGATIONS**

18      20.    Plaintiff brings this action on behalf of herself, on behalf of all others
19  similarly situated, as members of the class and subclasses below (referred to hereafter as
20  the "Class") defined as follows:

21      <u>California Class</u>: The class the Plaintiff seeks to represent consists of all persons
22          who are citizens or residents of California who purchased Fastin within the four
23          years prior to the filing of the initial complaint.  Excluded from the class are
24          Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as
25          well as the officers and directors of Defendant, and the immediate family member
26          of any such person.  Also excluded is any judge who may preside over this case,
27          and such judge's immediate family or courtroom staff.

28

Nationwide Class: The class the Plaintiff seeks to represent consists of all persons who are citizens or residents of the United States of America who purchased Fastin within the four years prior to the filing of the initial complaint. Excluded from the class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers and directors of Defendant, and the immediate family member of any such person. Also excluded is any judge who may preside over this case, and such judge's immediate family or courtroom staff.

21.    This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

22.    [Fed. R. Civ. P. 23(a)(1)] The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes thousands of members. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

23.    [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

(a) Whether Defendant's advertising or labeling are false or misleading;

(b) Whether Defendant's Product contains DMAA;

(c) Whether DMAA is unsafe;

(d) Whether Defendant's conduct violates the CLRA or other laws;

(e) Whether Defendant's conduct is "unfair" under Bus. & Prof. Code Section 17200;

(f) Whether, as a result of Defendant's misconduct, Plaintiff and the Class are entitled to damages, restitution, equitable relief and other relief, and the amount and nature of such relief.

24.   [Fed. R. Civ. P. 23(a)(3)]  Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendant's common course of conduct as complained of herein.  The losses of each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

25.   [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

26.   [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

27.   [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying

1  adjudications with respect to, among other things, the need for and the nature of proper

2  notice, which Defendant must provide to all Class members.

3      28.    [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by

4  individual class members would create a risk of adjudications with respect to them that

5  would, as a practical matter, be dispositive of the interests of the other Class members

6  not parties to such adjudications or that would substantially impair or impede the ability

7  of such non-party Class members to protect their interests.

8      29.    [Fed. R. Civ. P. 23(b)(2)] Defendant has acted or refused to act in respects

9  generally applicable to the Class, thereby making appropriate final injunctive relief with

10  regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### Business and Professions Code §17500

### (Violation of the False Advertising Act)

**(By Plaintiff and the Class Against All Defendants)**

15      30.    Plaintiff hereby incorporates paragraphs 1-29 above as if set forth in full.

16      31.    California Business and Professions Code (the "Code") § 17500 provides

17  that "[i]t is unlawful for any ... corporation . . . with intent . . . to dispose of . . . personal

18  property . . . to induce the public to enter into any obligation relating thereto, to make or

19  disseminate or cause to be made or disseminated . . . from this state before the public in

20  any state, in any newspaper or other publication, or any advertising device, or by public

21  outcry or proclamation, or in any other manner or means whatever, including over the

22  Internet, any statement . . . which is untrue or misleading, and which is known, or which

23  by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

24      32.    Defendant misled consumers by making untrue statements and failing to

25  disclose what is required as stated in the Code, as alleged above.

26      33.    As a direct and proximate result of Defendant's misleading and false

27  advertising, Plaintiff and the members of the Class have suffered injury in fact and have

28  lost money or property.

34.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.

## SECOND CAUSE OF ACTION

### Business and Professions Code § 17200, et seq.

### (Violation of the Unfair Competition Law)

### (By Plaintiff and the Class Against All Defendants)

35.     Plaintiff hereby incorporates paragraphs 1-34 above as if set forth in full.

36.     California Business and Professions Code § 17200, et seq., (the "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition" which includes any unlawful, unfair, or fraudulent business practice.

37.     The UCL imposes strict liability.  Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair or fraudulent business practices—but only that such practices occurred.

38.     The material misrepresentations, concealment, and non-disclosures by Defendant and DOES 1-10 as part of their marketing and advertising of its Product is unlawful, unfair, and fraudulent business practices prohibited by the UCL.

39.     In carrying out such marketing, Defendant has violated the Consumer Legal Remedies Act, the False Advertising Law, and various other laws, regulations, statutes, and/or common law duties.  Defendant's business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

40.     The harm to Plaintiff and members of the public outweighs the utility of Defendant's practices and, consequently, Defendant's practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

41.     Defendant's practices are additionally unfair because they have caused Plaintiff and the Class substantial injury, which is not outweighed by any countervailing

1  benefits to consumers or to competition, and is not an injury the consumers themselves
2  could have reasonably avoided.

3      42.   Defendant's practices, as set forth above, have misled the general public in
4  the past and will mislead the general public in the future.  Consequently, Defendant's
5  practices constitute an unlawful and unfair business practice within the meaning of the
6  UCL.

7      43.   Pursuant to California Business and Professions Code § 17204, an action
8  for unfair competition may be brought by any "person . . . who has suffered injury in
9  fact and has lost money or property as a result of such unfair competition."
10 Defendant's wrongful misrepresentations and omissions have directly and seriously
11 injured Plaintiff and the putative class by causing them to pay for a product because
12 they relied on the false and misleading marketing and advertising statements, or lack of
13 representations, of Defendant.

14     44.   The unlawful, unfair, and fraudulent business practices of Defendant are
15 ongoing and present a continuing threat that members of the public will be misled into
16 purchasing Fastin based on the belief that it was safe when, in fact, this is not the case.

17     45.   Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent
18 injunctive relief ordering Defendant to cease this unfair competition, as well as
19 disgorgement and restitution to Plaintiff and the Class of all of Defendant's revenues
20 associated with Defendant's unfair competition, or such portion of those revenues as the
21 Court may find equitable.

## THIRD CAUSE OF ACTION

### Civil Code § 1750, et seq.

### (Violation of the Consumer Legal Remedies Act)

### (By Plaintiff and the Class Against All Defendants)

26     46.   Plaintiff hereby incorporates paragraphs 1-45 above as if set forth in full.
27     47.   The Consumer Legal Remedies Act ("CLRA") creates a non-exclusive
28 statutory remedy for unfair methods of competition and unfair or deceptive acts or

business practices. *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997). Its self-declared purpose is to protect consumers against these unfair and deceptive business practices, and to provide efficient and economical procedures to secure such protection. Cal. Civil Code § 1760 et seq. The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes. *Id*

48.     Plaintiff has standing to pursue this claim as Plaintiff purchased Fastin, believing that it was safe. One of the reasons that Plaintiff purchased the Product is because she believed the Product was safe and backed by science, based on the statements made by Defendant. Plaintiff and the Class relied on Defendant's advertising and have been damaged because the supplement purchased is not safe and is not backed by science and they received negative results from the Product; had they known this, they would have either not bought the Product or paid less for it.

49.     Plaintiff has filed concurrently herewith the declaration of venue required by Civil Code Section 1780(d).

50.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the California CLRA since Defendant is still representing that its Product has characteristics which are false and misleading, and have injured Plaintiff and the Class.

51.     More specifically, Plaintiff alleges that Defendant has violated paragraphs 5, 7, and 9 of California Civil Code § 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein. Defendant's unfair and deceptive business practices in carrying out the marketing program described above were and are intended to and did and do result in  Plaintiff and Class members purchasing Defendant's Product, in violation of the CLRA. Cal. Civil Code § 1770, et seq.

52.     As a result of Defendant's unfair and/or deceptive business practices, Plaintiff and all consumers who purchased Defendant's Product have suffered damage and lost money in that they paid for a Product that did not have the characteristics and

1    benefits as represented.  Plaintiff seeks and is entitled to an order enjoining Defendant

2    from continuing to engage in the unfair and deceptive business practices alleged herein.

3        53.    Plaintiff's counsel mailed to Defendant, by certified mail on May 14, 2012,

4    return receipt requested, the written notice required by Civil Code Section 1782(a).  In

5    such letter, Plaintiff demanded that within 30 days of the receipt of such letter, that

6    Defendant correct or otherwise rectify the unfair practices complained of herein for the

7    entire Class pursuant to California Civil Code §1770 et seq.  Because Defendant has

8    failed to do so, Plaintiff seeks damages for such deceptive practices pursuant to

9    California Civil Code §§1780 and 1782 for failure to make such correction.

10                                **PRAYER FOR RELIEF**

11       WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief

12   and judgment as follows:

13       1.    For preliminary and permanent injunctive relief enjoining Defendant, its

14   agents, servants and employees, and all persons acting in concert with them, from

15   engaging in, and continuing to engage in, the unfair, unlawful and/or fraudulent

16   business practices alleged above and that may yet be discovered in the prosecution of

17   this action;

18       2.    For certification of the putative class;

19       3.    For restitution and disgorgement of all money or property wrongfully

20   obtained by Defendant by means of its herein-alleged unlawful, unfair, and fraudulent

21   business practices;

22       4.    For an accounting by Defendant for any and all profits derived by

23   Defendant from its herein-alleged unlawful, unfair, and/or fraudulent conduct and/or

24   business practices;

25       5.    An award of statutory damages according to proof;

26       6.    An award of general damages according to proof;

27       7.    An award of special damages according to proof;

28       8.    Exemplary damages;

9.     For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure §1021.5, the CLRA, and the common law private attorney general doctrine;

10.     For costs of suit; and

11.     For such other and further relief as the Court deems just and proper.

Dated:  December 31, 2012          KIRTLAND & PACKARD LLP


By:_____
MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
HEATHER M. BAKER
*Counsel for Plaintiff and all others similarly situated*

**CLASS ACTION COMPLAINT**

1

### <u>DEMAND FOR JURY TRIAL</u>

2
Plaintiff hereby demands a trial by jury for all causes of actions so triable.

3

4

5
Dated:  December 31, 2012          KIRTLAND & PACKARD LLP

6

7

8
By: _____

9
MICHAEL LOUIS KELLY
BEHRAM V. PAREKH

10
HEATHER M. BAKER
*Counsel for Plaintiff and all others similarly*

11
*situated*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

1     I, Morgan Kaczor, declare as follows:

2     1.    I am a Plaintiff in this action, and am a citizen of the State of California.  I have

3 personal knowledge of the facts herein and, if called as a witness, I could and would testify

4 competently thereto.

5

6     2.    The Complaint in this action, filed concurrently with this Declaration, is filed in the

7 proper place for trial under Civil Code Section 1780(d) in that Los Angeles County is a county in

8 which Defendants are doing business.

9

10     I declare under penalty of perjury under the laws of the State of California that the foregoing is

11 true and correct.

12

13

14 Morgan Kaczor

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KIRTLAND & PACKARD LLP
LAW OFFICES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>PROOF OF SERVICE</u>
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2041 Rosecrans Avenue, 3rd Floor, El Segundo, California  90245. I am "readily familiar" with my employer's practice of collection and processing of correspondence and documents for mailing with the United States Postal Service, mailing via overnight delivery, transmission by facsimile machine, and delivery by hand.

On December 31, 2012, I served a copy of each of the documents listed below by placing said copies for processing as indicated herein:

**FIRST AMENDED COMPLAINT**

(✓)   U.S. MAIL:  The correspondence or documents were placed in sealed, labeled envelopes with postage thereon fully prepaid on the above date and placed for collection and mailing at my place of business to be deposited with the U.S. Postal Service at El Segundo, California on this same date in the ordinary course of business.

PERSONS OR PARTIES SERVED:

** See attached service list **

( )   (State)  I certify (or declare) under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 31, 2012.

(✓)   (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

KATHERINE MAGUIRE

02328-00001   157013.01

1

**SERVICE LIST**

2

3
Ashley D. Posner, Esq.
POSNER LAW CORPORATION
15303 Ventura Blvd., Suite 900

4
Sherman Oaks, CA 91403
310-475-8520

5
310-474-1901 f
ashleyposner@gmail.com

6

7
Joseph P. Schilleci, Jr., Esq.
The Schilleci Law Firm, LLC

8
512 Montgomery Hwy, Ste 210
Birmingham AL

9
205-978-4212
jps@schillecilaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
KIRTLAND & PACKARD LLP

02328-00001  157013.01